IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HELENA CHEMICAL COMPANY d/b/a HELENA FINANCE,**<br><br>   **Plaintiff,**<br><br>   v.<br><br>**STEVEN EDWARD HOLTHAUS, et al.,**<br><br>   **Defendants.** | Case No. 17-2642 |

### MEMORANDUM AND ORDER

Plaintiff Helena Chemical Company d/b/a Helena Finance filed a complaint asserting claims for breach of loan agreement and replevin against defendants Steven Edwards Holthaus, Connie S. Holthaus ("the borrowers"), and a claim for quantum meruit against Derik S. Holthaus. Plaintiff's claims arise out of defendants' alleged failure to repay a loan they obtained from plaintiff. This matter is now before the court on defendants' Motion to Dismiss. (Doc. 13.) For the reasons set forth below, defendants' motion is denied.

**I.   Background**

In May 2015, the borrowers completed an Application and Loan Agreement in which they requested a $200,000 credit account with plaintiff. In January 2016, the borrowers executed a Security Agreement in which they pledged certain collateral to plaintiff to secure the amounts owed by the loan. Pursuant to the Security Agreement, the borrowers granted plaintiff a security interest in and lien on all of the borrowers' accounts, inventory, equipment, farm products, general intangibles, insurance payments on any crop loss, and a purchase money security interest in all goods and services provided by plaintiff to the borrowers. Plaintiff perfected the Security Agreement on January 21, 2016 when it filed a UCC-1 financing statement with the Kansas Secretary of State. On January 25, 2016, plaintiff

approved the Loan Agreement. In August 2016, plaintiff revised the credit amount in the Loan Agreement to $400,000.

The total credit amount utilized by the borrowers was $395,122.87. A portion of the total credit amount—$96,331.48—was used by defendant Derick Holthaus. He made two payments on the loan reducing his amount to $68,831.48. The principal and interest owed under the Loan Agreement is $444,680.33 as of September 30, 2017.

Plaintiff alleges that defendants are in default under the Loan Agreement for their failure to pay the amounts due. On November 2, 2017, plaintiff filed a Verified Complaint against defendants alleging four causes of action: 1) Breach of Loan Agreement Against defendants Steven and Connie Holthaus, 2) Quantum Meruit Against defendant Derick Holthaus, 3) Replevin Against defendants Steven and Connie Holthaus, and 4) Injunctive Relief.

## II.     Legal Standards

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss under 12(b)(6), a complaint must contain "enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is plausible when "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When the complaint contains well-pleaded factual allegations, a court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

**III.     Analysis**

Defendants move to dismiss plaintiff's complaint on three grounds: 1) plaintiff's claims against defendants Steven and Connie Holthaus are required to be arbitrated pursuant to the Security Agreement, 2) the claim against defendant Derick Holthaus is for damages of less than $75,000 and therefore the court lacks jurisdiction, and 3) necessary parties have not been joined as required by K.S.A. § 60-219(a).

Defendants first argue that pursuant to paragraph 11.10 of the Security Agreement, plaintiff's claims against Steven and Connie Holthaus must be arbitrated. Paragraph 11.10 states:

> 11.10   Binding Arbitration.  It is agreed that any controversy, claim, action or dispute arising out of or relating to this Agreement or the breach thereof must be resolved by binding arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules (the "Rules"), before a single arbitrator, who shall determine all issues of arbitrability and the scope of the proceedings.  The Expedited Procedures prescribed by the Rules will apply in all cases, without regard to the amount in controversy, and any hearing(s) will occur at a location in Memphis, Tennessee, selected by the arbitrator.  The arbitration will be governed by the United States Arbitration Act, 9 U.S.C. §§ 1-16, and judgment upon the award of the arbitrator may be entered by any court having jurisdiction of the parties and the subject matter.  Substantive issues will be governed by the law of the State set forth in Section 11.5 of this Agreement without regard to choice of law rules.  The costs and expenses of the arbitration, including the fees and expenses of the arbitrator, will be borne by the parties or either of them as the arbitrator may determine in the award or a supplement thereto.  The arbitrator may award any remedy or relief, including equitable remedies, but the arbitrator may not award punitive or exemplary damages or any remedy or relief that is inconsistent with the terms of this Agreement.  The Arbitrator may apportion reasonable attorneys' fees and expenses and witness fees and expenses between the parties or assess such fees and expenses of all the parties against one of them, as the arbitrator deems just and equitable, upon terms not inconsistent with the terms of this Agreement.

Importantly, the paragraph states that any "controversy, claim, action, or dispute arising out of or relating to *this Agreement* . . . must be resolved by binding arbitration." (Emphasis added.) Plaintiff notes that the controversy at issue is regarding a breach of the Loan Agreement, not a dispute with the Security Agreement. The court agrees. The allegations in plaintiff's verified complaint involve defaults under the Loan Agreement, and not a dispute as to the extent and scope of the Security

Agreement. Because the Loan Agreement does not include an arbitration clause, defendants' argument fails.

Next defendants argue that the claim against defendant Derik Holthaus should be dismissed for lack of diversity jurisdiction because the amount in controversy is less than $75,000. Plaintiffs believe this court may exercise supplemental jurisdiction over the Derik Holthaus claim.

Diversity jurisdiction exists when there is 1) complete diversity of citizenship among the parties, and 2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Under 28 U.S.C. § 1367(a), in any case where a federal court has original jurisdiction, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." A claim arises out of the same case or controversy when it "derive[s] from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Here, the quantum meruit claim against defendant Derik Holthaus arises out of the alleged failure to repay the loan obtained from plaintiff. Because this claim involves the same dispute as the claims against defendants Steven and Connie Holthaus, and because this court has diversity jurisdiction over those claims, it is proper for the court to exercise supplemental jurisdiction over the claim against defendant Derik Holthaus.

Finally, defendants argue plaintiff's complaint should be dismissed because it failed to join necessary parties under K.S.A. § 60-219(a). Defendants claim United Bank & Trust, Deere & Company, the Cooperative Finance Association, Inc., and the United States through the Farm Service Agency are necessary parties to this action. Defendants, however, don't explain why the parties are necessary or why this case cannot be resolved without joining them. In its response, plaintiff notes that these parties hold liens to the collateral which are superior to plaintiff's liens.

Under K.S.A. § 60-219(a), a party must be joined to an action if:

(A) In that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
    (i) As a practical matter, impair or impede the person's ability to protect the interest; or
    (ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest.

Plaintiff claims that the rights of the other secured creditors will not be impaired by the disposition of this action as they will retain their ability to sue defendants and still retain the priority of their security interest in the collateral, even if it is possessed by plaintiff. Defendants did not dispute this and, again, do not explain why these parties are necessary to the action. The court therefore denies defendants' motion to dismiss on all three grounds.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss (Doc. 13) is denied.

Dated January 29, 2018, at Kansas City, Kansas.

                    s/ Carlos Murguia
                    **CARLOS MURGUIA**
                    **United States District Judge**